UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Camille L. McGuire,                       Case No. 14-55660
                                                              Chapter 13
        Debtor.                                 Hon. Walter Shapero
_____/

**OPINION DENYING OBJECTION TO CONFIRMATION**

    Debtor filed her Chapter 13 petition on October 6, 2014. Debtor filed a prior Chapter 7 case on March 11, 2011, in which she was granted a discharge on June 24, 2011. In this present case, Debtor acknowledged she therefore is not entitled to a discharge, and the Court entered an order to that effect. Debtor proposed a Chapter 13 plan that treats the filed secured claim of AmeriCredit Financial Services, Inc., d/b/a GM Financial ("Creditor") relative to a 2011 Chevrolet Malibu, by "cramming down" that claim. That proof of claim, to which no objections were filed, claims a debt of $18,637.97 plus a contractual 7.9% interest rate, with the value of the Malibu being $13,275 (thus leaving $5,362.97 unsecured). Debtor proposes paying the market value of the Malibu of $9,600, plus 6% interest, for a total of $10,465.69, to be paid in $299.02 monthly payments via the Chapter 13 Trustee.

    Creditor objected to the confirmation of Debtor's proposed plan, arguing that it impermissibly "crams down" both the principal on the claim and the contractual interest rate, and amounts to a de facto discharge, principally relying on *In re Williams*, 367 B.R. 625 (Bankr. N.D. Ill. 2007). That case involved a Chapter 13 debtor who was not entitled to a discharge. The parties agreed on the amount of the allowed secured claim, but the debtor proposed that it be paid at an interest rate substantially lower than the contractual rate. The creditor objected to

1

confirmation, arguing it was entitled to receive payment at the contractual interest rate, and because the plan did not so provide, it could not be confirmed. In the course of sustaining the objection, that Court cited to 11 U.S.C. § 1325(a)(5)(B), which states:

> (a) Except as provided in subsection (b), the court shall confirm a plan if--
>
> ***
>
> (5) with respect to each allowed secured claim provided for by the plan--
>
> (A) the holder of such claim has accepted the plan;
>
> (B)(i) the plan provides that--
>
> *(I) the holder of such claim retain the lien securing such claim until the earlier of--*
>
> *(aa) the payment of the underlying debt determined under nonbankruptcy law; or*
>
> *(bb) discharge under section 1328*[.]

(emphasis added). The *Williams* Court concluded the emphasized language of "determined under nonbankruptcy law" bound the debtor to the terms of the contract, including its required interest rate, in order for the debtor's plan to be confirmable.

Several Courts have disagreed with the opinion of the *Williams* Court, including Courts within that same circuit. Those views are summarized by *In re Harrison*, 394 B.R. 879 (Bankr. N.D. Ill. 2008), which opined that *Williams* effectively nullified the debtor's power to modify secured claims under § 1322(b), which exist even when the debtor is not entitled to a discharge. The *Harrison* Court favorably cited two cases also disagreeing with *Williams*: *In re Hopkins*, 371 B.R. 324 (Bankr. N.D. Ill. 2007) and *In re Lilly*, 378 B.R. 232 (Bankr. C.D. Ill. 2007). The *Harrison* Court, however, preferred the *Lilly* Court's interpretation of the effect of the completion of such a plan over that of the *Hopkins* Court. *Lilly* criticized *Hopkins* as implying

2

that, post-bankruptcy, the debtor would no longer remain liable for, nor would the collateral continue to secure, the remaining balance at the contractual interest rate. *Lilly* explicitly held that although the debtor is not entitled to a discharge, she could cram down the interest rate, but upon the completion of the plan would remain liable for the full amount of the underlying debt, including the contractual interest rate. *In re Lilly*, 378 B.R. at 236-37. Additional relevant authority can be found in the case of *In re Cain*, 513 B.R. 316 (B.A.P. 6th Cir. 2014), which held that a Chapter 13 debtor who is not entitled to a discharge may nonetheless strip a wholly unsecured realty lien.

In this Court's view, the Debtor is entitled to Chapter 13 *relief* (but not a discharge), which includes the right to modify secured claims. Such does not, as Creditor argues, amount to a de facto discharge. The specific issue in this case is whether or not a cramdown is permitted at all in these circumstances. This Court agrees with those cases that say it is, and thus overrules Creditor's objection to confirmation. While Debtor in her brief also argues that Creditor's lien should be released upon completion of the plan, with the remainder of the claim being an unsecured claim, it does not appear that such is a provision of the proposed plan. As presently postured, that is a separate issue. If, as and when, the payment terms of a confirmed plan are eventually fully complied with (or even if they are not and the case is dismissed at some point prior to completion), there may be legal and factual questions, in light of the payments actually made under the plan, as to what amount Debtor still owes Creditor and/or the extent to which Creditor's lien still exists with reference thereto. These latter are not issues the Court deems necessary or appropriate to decide at this stage of the case under the plan presently before the Court for confirmation. Debtor shall present an appropriate order.

**Signed on April 12, 2016**

                                        **/s/ Walter Shapero**
                              **Walter Shapero**
                              **United States Bankruptcy Judge**